# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JAMARIYO DRANE,

                   Petitioner,     :               Case No. 3:24-cv-197

    - vs -                        District Judge Michael J. Newman
                                              Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                                             :
                   Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought by Petitioner Jamariyo Drane pursuant to 28 U.S.C. § 2254 with the assistance of counsel. Petitioner seeks relief from his conviction in the Montgomery County Court of Common Pleas. The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 5), and the Return of Writ (ECF No. 6). Magistrate Judge Peter B. Silvain, Jr., to whom this case was originally referred, set a reply deadline of twenty-one days after the Answer/Return was filed (Order, ECF No. 2, PageID 21). In this case that deadline was November 22, 2024. However, Petitioner's counsel neither filed a reply by that date nor sought an extension of time to do so.

The Magistrate Judge reference was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District.

1

**Litigation History**

On November 2, 2018, the Montgomery County grand jury indicted Drane on two counts of murder in violation of Ohio Rev. Code § 2907.02(A)(2) (counts 1 and 2), four counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(1) (counts 3, 4, 5 and 6); three counts of discharge of a firearm on or near prohibited premises in violation of Ohio Rev. Code § 2923.162 (counts 7, 8 and 9); two counts of failure to comply with the order or signal of a police officer in violation of Ohio Rev. Code § 2921.33(B) (counts 10 and 11) and one count of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(2) (count 12)(Indictment, State Court Record, ECF No. 5, Ex. 1).

Drane moved to suppress evidence obtained as a result of execution of a search warrant and his statements to law enforcement, but both motions to suppress were denied.  He waived his right to trial by jury and tried the case to the bench.  Common Pleas Judge Steven Dankof found him guilty on all counts.

Drane appealed to the Ohio Court of Appeals for the Second District which affirmed the convictions.  *State v. Drane,* 2021-Ohio-730 (Ohio App. 2nd Dist. Mar. 12, 2021).  The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal.  *State v. Drane*, 169 Ohio St.3d 1491 (Apr. 11, 2023).  Drane then filed his Petition in this Court pleading the following grounds for relief:

> **Ground A:** The decisions of the Ohio judiciary denying the Petitioner relief upon his claim of violation of his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were in error.
>
> **Ground B**: The decisions of the Ohio judiciary denying the Petitioner relief upon his claim of violation of his right to have hearsay evidence used against him. The Court must make a finding

that pursuant to Ohio R. Evid. 804 that the declarant is not available. This is in violation of the Petitioner's right to confront witnesses as guaranteed by the Sixth Amendments to the United States Constitution were in error.

**Ground C**: The decision of the Ohio judiciary denying the Petitioner relief from having Effective Assistance of Counsel is in violation of the petitioners Sixth Amendment to the United States Constitution.

**Ground D**: The Ohio judiciary Denying the Petitioner relief for insufficient evidence as the court relied on inadmissible evidence is in violation of the Petitioners Fourteenth Amendment of the U.S. Constitution.

**Ground E:** The Petitioner is entitled to an evidentiary hearing on these matters.

(Petition, ECF No. 1)

# Analysis

## Ground A: Denial of Due Process

In this first Ground for Relief, Drane claims the Ohio courts denied him due process of law. However he fails in the Petition (including the Memorandum in Support) to plead any facts in support of this claim. Respondent seeks dismissal of this claim on the basis that the pleading does not satisfy Habeas Rule 2. Petitioner had an opportunity to respond to this assertion in his reply, but never filed a reply. Nor has he sought amendment of the Petition to cure this deficiency.

In habeas corpus cases in which petitioners have argued they fairly presented a federal claim to the state courts by pleading in blank a denial of due process, the Sixth Circuit has held those words, taken alone, do not state a federal claim. Merely using talismanic constitutional

phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Petitioner's Memorandum in Support cites several important Supreme Court decisions about the centrality of due process of law in our legal system, but it does not cite any specific acts of the State or the state judiciary which violated clearly established Supreme Court precedent on what constitutes due process.

Because it does not plead a claim for relief cognizable in habeas corpus, Ground A should be dismissed.

**Ground B: Improper Admission of Hearsay Evidence in Violation of the Confrontation Clause**

In Ground B Drane asserts his constitutional right to confront the witnesses against him was violated when the trial court admitted hearsay evidence without the State's having established these witnesses were unavailable.

This claim was submitted to the Second District on direct appeal which decided the claim as follows:

> [*P14] In these assignments of error, Drane claims the trial court
> improperly denied him the opportunity to confront witnesses when

4

it admitted hearsay evidence. Specifically, he contends the trial court permitted the State to elicit testimony regarding statements made by Walker and by Patrina Drane, neither of whom testified at trial.

[*P15] "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). In general, hearsay is not admissible; however, there are several exceptions to the hearsay rule. Evid.R. 802 and Evid.R. 803.

[*P16] The Sixth Amendment's Confrontation Clause provides: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." Only testimonial hearsay implicates the Confrontation Clause. A statement is "testimonial" if it is made for "'a primary purpose of creating an out-of-court substitute for trial testimony.'" *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 87, 562 U.S. 344, 358, 131 S.Ct. 1143, 179 L.Ed.2d 93 (2011). The admission of a testimonial out-of-court statement by a declarant who does not testify at trial violates the Confrontation Clause unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 52, 53-54, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We review evidentiary rulings that implicate the Confrontation *Clause de novo. State v. McKelton,* 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 97.

[*P17] We begin by noting that Drane has not identified, and we cannot find, any statements attributable to Patrina Drane that were introduced into the record. Thus, we find no merit in this claim.

[*P18] Turning to Walker, Drane first complains that the court permitted the State to enter into evidence the recording of the 911 call made by Walker despite the fact that she was not called to testify concerning the authenticity and accuracy of the tape. We first note that, "[u]nless the record indicates otherwise, the judge [in a bench trial] is presumed to have considered only admissible evidence." *State v. Hawkins*, 2d Dist. Montgomery No. 29013, 2021-Ohio-3373, ¶ 57, quoting *City of Cleveland v. Welms,* 169 Ohio App.3d 600, 2006-Ohio-6441, 863 N.E.2d 115, ¶ 27 (8th Dist.). A review of the record demonstrates that the State properly authenticated the 911 recording as required by Evid.R. 901(A). Further, Walker's 911 call, in which she claimed her car had been stolen, was not admitted to prove the truth of her statements. Instead, it was introduced to demonstrate the course of the police investigation and how they

came to speak with Walker. And the trial court expressly stated that the evidence would be considered solely for that purpose. The trial court also stated that it was aware of its role as the trier of fact and its duty to consider only admissible evidence. Thus, we find no error in the trial court's decision to admit the 911 call records.

[*P19] The next statement attributed to Walker occurred when the police met with her to investigate her 911 call. At trial, a police officer testified that Walker informed her (the officer) that she should talk to Brianna Johnson. Again, this statement was not admitted to prove the truth of the statement, but to merely show the course of the police investigation. We find no error related to this evidence.

[*P20] From our review of the record, we conclude that the State did not submit improper hearsay testimony, which eliminates Drane's Confrontation Clause assertions.

*State v. Drane, supra*.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).

Ohio Rule of Evidence 801 (C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c), from which the Ohio rule derives, is the same. Petitioner has offered no argument as to why the Second District decision that no hearsay was offered is wrong as a matter of Ohio law. And even if it were, federal habeas courts do not sit to correct errors of state law. Federal habeas corpus is available only to correct federal

constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).    "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

State evidence law of hearsay is constitutionalized only to the extent of the Confrontation Clause.   In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant has a prior opportunity for cross-examination…" *Id. at* 53-54.

The Second District found that Petitioner had identified no statement of Patrina Drane that was admitted in evidence.  *State v. Drane, supra,* at ¶ 17.  That is a finding of fact from the appellate record which is binding on this Court unless Petitioner shows that was an unreasonable determination of the facts on the basis of the evidence presented.  Petitioner has been furnished with the entire state record, but has made no effort to show this finding is erroneous.

The other person as to whom Petitioner claims violation of the Confrontation Clause is Sunrashje Walker.  Although two statements of Ms. Walker were admitted into evidence -- that her car had been stolen and that the police should talk to Brianna Johnson – the Second District

determined that neither was admitted for the truth of the statement made. As to the stolen car, it was later shown this was a lie; as to Brianna Johnson, it was a suggestion for the investigation. The Magistrate Judge agrees with the Second District that neither of these statements constituted hearsay because they are not offered for the truth of the statements made. Therefore admitting them was not a violation of the Confrontation Clause, as the Second District held.

Petitioner has offered no argument at all as to how these admitted statements constituted hearsay. Instead he argues in his Memorandum in Support that

> There was no evidence in this case provided by any witnesses that testified. No one could identify the Petitioner as the driver of the car. The only evidence presented to tie the defendant to this case was Hearsay declarents [sic]. It is clear that in order to find the defendant guilty th[e] court had to use the Hearsay evidence.
>
> The record is unclear as to the reason the declarent [sic] was not available. Absent that information there is no hearsay exception to the admissibility of the hearsay statements. Without the hearsay statements there is absolutely no evidence to suggest that the Petitioner committed the crime.

(ECF No. 1, PageID 13).

Because Petitioner has not shown that any hearsay statements were admitted against him, Ground B is without merit and should be dismissed on that basis.

**Ground C: Ineffective Assistance of Trial Counsel**

In his third Ground for Relief, Petitioner claims he received ineffective assistance of trial counsel when his trial attorney conceded he was the driver of the red Charger involved in the crime (Memorandum in Support, ECF No. 1, PageID 15).

Drane presented an ineffective assistance of trial counsel claim on direct appeal which the Second District decided as follows:

{¶ 32} Drane's seventh and eighth assignments of error state:

> given the appellant pleaded not guilty and given no witness identified the accused as having been inside the vehicle (from which the fatal shots were fired), counsel's admission that his client was in such vehicle when the shots were fired, being indefensible cannot survive meaningful scrutiny.

> given the appellant plead [sic] not guilty, and given no witness identified the accused of having been inside the vehicle, (from which the fatal shots were fired) counsel's admission his client was inside the vehicle when the shots were being fired is indefensible; hence cannot survive meaningful scrutiny, so postured the attorney provided ineffective assistance of counsel when he admitted that his client was inside the vehicle.

{¶ 33} In these assignments of error, Drane claims defense counsel was ineffective because he admitted Drane was in the red Dodge Charger at the time of the shooting.

{¶ 34} To prevail on an ineffective-assistance-of-counsel claim, a defendant must prove that counsel's performance was deficient, and that the defendant was prejudiced by counsel's deficient performance. *Strickland v. Washington,* 446 U.S. 668, 687, 194 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Id*. at 697.

{¶ 35} In his appellate brief, Drane first claims defense counsel expressly admitted that Drane was the driver of the red Dodge Charger. Later in his brief, Drane states that counsel "virtually conceded" his client was in the car. In support of these assertions, Drane cites to a portion of the closing argument wherein defense counsel stated that a State's witness (Kevin Horan) "can probably put that phone in that charger."[3] Tr. p. 217.  Drane contends this argument constituted deficient performance which resulted in prejudice. We disagree.

[¶ 36] We cannot conclude that counsel's concession regarding Horan's testimony constituted deficient performance. Instead, a review of the entire closing argument demonstrates that defense counsel then continued to argue that regardless of Horan's testimony linking the phone to the Dodge Charger, the State failed to present any reliable evidence connecting the phone or the car to Drane.

{¶ 37} Also, we note that counsel raised numerous objections during trial to all the testimony of which Drane complains. Further, we have reviewed the entire record and find no evidence that counsel failed to adequately represent Drane's interests.

{¶ 38} Because we find no merit in this argument, the seventh and eighth assignments of error are overruled.

> 3 Horan testified regarding his analysis demonstrating that the cellphone with the 765 area code travelled the same path as the red Dodge Charger during the shooting and ensuing chase.

*State v. Drane, supra.*

The governing standard for ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

To prevail on an ineffective-assistance-of-counsel claim, a movant must establish that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

10

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.   Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra*.; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable."  *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The

> likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

The Second District recognized *Strickland* as the controlling Supreme Court precedent and reasonably found that the concession that the phone Drane had was in the Dodge Charger during the relevant time. Detective Horan's testimony which the court summarized proved that the phone was in the car during the relevant time unless there was available evidence – which had not been introduced – that the tracking technology did not produce reliable results. It is not effective advocacy to argue against an inference that the evidence plainly supports in order to take the sting out of that evidence if possible. Drane does not suggest that there was any evidence introduced at trial or which his attorney could have discovered which would have undermined the tracking testimony.

In sum, the Second District's decision of Drane's ineffective assistance of trial counsel claims is a reasonable application of *Strickland* and its progeny. Ground C should therefore be overruled.

**Ground D: Insufficient Evidence to Convict**

In his fourth Ground for Relief, Drane contends he was convicted on insufficient evidence. Drane presented this claim on direct appeal and the Second District decided it as follows:

> {¶ 26} Drane's fifth assignment of error states:
>
> given the failure of anyone to identify the Defendant and connect him to the red Dodge Charger and cell phone centralized in this case, it inexorably follows the record fails to show sufficient evidence to support any conviction.

12

{¶ 27} Drane contends the State failed to present sufficient evidence to sustain the convictions because there was no direct evidence that he committed the murder and other offenses.

{¶ 28} A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to sustain the verdict as a matter of law. *State v. Wilson,* 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259,574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 29} We agree that there was no eyewitness evidence identifying Drane as the driver of the Dodge Charger and the perpetrator of the offenses. However, the State presented ample circumstantial evidence to sustain the convictions. "Circumstantial evidence has the same probative value as direct evidence." (Citations omitted.). *State v. Howard*, 2022-Ohio-1609, 188 N.E.3d 693, 'II 20 (2d Dist.).

{¶ 30} From our review of the record, we conclude that the State presented competent evidence demonstrating that a police officer observed one black male in the Dodge Charger at the time of the shooting and pursuit. The police were able to link Drane's cellphone to the path of the Charger during the shooting and the pursuit. The red Charger was found in the same place where Drane was later apprehended after the pursuit of the silver Dodge Charger. Drane was found in an apartment where police located ammunition for a Glock firearm, and the ammunition was determined to be consistent with the spent bullets and fired casings collected from Tribble's body and the shooting scene. Drane presented an alibi and told police his mother could confirm it; however, Patrina Drane did not verify the alibi.

{¶ 31} The evidence presented by the State was sufficient to sustain the convictions. Accordingly, the fifth assignment of error is overruled.

*State v. Drane, supra.*

An allegation that a verdict was entered upon insufficient evidence states a claim under the

Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v.*

*Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th

14

> Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  When reviewing a claim for sufficient evidence, a federal habeas court must apply a twice-deferential standard." *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).

The Second District's decision shows it reasonably applied the correct Supreme Court

precedent as adopted in Ohio law.  The cellphone tracking evidence supports the inference that Drane was in the car from which the shots were fired that killed the victim.  Consistent ammunition was found in Drane's apartment.  Then he offered an alibi which was unverified.

The evidence is indeed circumstantial.  But recent forensic science has taught us that that circumstantial evidence may be more probative than direct eyewitness testimony.  See BRANDON L. GARRETT, CONVICTING THE INNOCENT: WHERE CRIMINAL PROSECUTIONS GO WRONG (2012)(EXPLAINING THE ERRORS IN EYEWITNESS TESTIMONY IN THE FIRST 250 DNA EXONERATIONS).

The Second District's decision that there was sufficient evidence to convict is a reasonable application of *Jackson v. Virginia.*  Drane's fourth Ground for Relief should be dismissed.

**Ground E:  Evidentiary Hearing**

Drane's pleaded fifth Ground for Relief is that he is entitled to an evidentiary hearing.  This is not a ground for relief; it does not attack the state court judgment on constitutional grounds.  And Drane is not entitled to an evidentiary hearing in these proceedings to introduce new evidence in support of his claims.  Instead, a federal habeas court is restricted to the record which was before the state courts.  *Cullen v. Pinholster,* 563 U.S. 170 (2011).  *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 18, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #